## In re McAllister

*John L. Hamaker*, for petitioner.

*J. Farrell Garvey*, contra.

ATLEE, P. J., August 13, 1937. — Miss Katharine R. Strickler has presented her petition in which petitioner states that she is an officer of the Children's Bureau of the Community Service of the County of Lancaster; that one Beulah Blanche Moore Hunt McAllister is a resident of the City of Lancaster and is the mother of Jessie Beatrice Hunt, born November 17, 1920. The daughter was

attending the public schools of the City of Lancaster; was not employed; and was financially unable to pay for the support of a male bastard child born to the said Jessie Beatrice Hunt on June 28, 1936. The petition avers that neither petitioner, nor Mrs. McAllister, nor Miss Hunt, has been able to ascertain who is the putative father of the said bastard child. With the consent of Mrs. McAllister and Jessie Beatrice Hunt, the child on August 27, 1936, was placed by the children's bureau in the home of Clair Walters, residing at Willow Street, Lancaster County, Pa. Since that date the children's bureau has been paying to the said Clair Walters, for the support of the child, the sum of $4.50 per week. The petition further states that Mrs. McAllister is employed as a supervisor of a W. P. A. sewing project in the City of Lancaster and receives for her services the sum of $168 each month, but that neither Mrs. McAllister nor Miss Hunt has paid anything for the support of the above-mentioned child; in fact, they have refused to pay anything for the support of the child.

To this petition Mrs. McAllister has filed a demurrer.

She avers five reasons for which she asks judgment in her favor. These reasons are as follows:

"1. That defendant is not liable under The General Poor Relief Act of May 14, 1925, P. L. 762, sec. 1012, for the support of the bastard male child born to her daughter, Jessie Beatrice Hunt, on June 28, 1936.

"2. That the court has no jurisdiction over defendant in this case.

"3. That under these proceedings the court has no authority to enter an order against defendant for support and maintenance that has accrued prior to the date of these proceedings.

"4. That the prosecutor has failed to allege the death, disability, or place of residence of the defendant's husband.

6

"5. That the prosecutor has failed to allege the death, disability, or place of residence of the father of Jessie Beatrice Hunt."

At two hearings testimony has been taken. In the juvenile court of this county on March 23, 1936, Jessie Beatrice Hunt, then about the age of 15 years, it was shown, was pregnant, and, according to the complaint of the police officers of the City of Lancaster, Mrs. McAllister refused to care for the child any longer. The school authorities of the City of Lancaster had excluded Jessie Beatrice Hunt from school on account of her condition. Further testimony was that, between the first and tenth of September, 1935, Jessie Beatrice Hunt had had two dates with a boy whom she had met at Rocky Springs Park, near the City of Lancaster, but she did not know the boy's name, could not identify him, and did not know his home address. At the hearing before the juvenile court, Mrs. McAllister testified that she was the mother of Jessie Beatrice Hunt whose father was somewhere in Texas, having deserted Mrs. McAllister when her children were babies. Mrs. McAllister further testified that she was divorced from the father of Jessie Beatrice Hunt, that her job was project head of the W. P. A. sewing rooms located at 221 East Chestnut Street, Lancaster, Pa., and that she was receiving the sum of $168 per month. Thereafter, on February 5, 1937, the case again was before the juvenile court of Lancaster County, at which time it was further testified that the support of the bastard child had not been provided for. Thereupon, there was granted the present rule to show cause why Mrs. McAllister should not be ordered to pay for the support of her grandchild.

The statute under which this proceeding has been brought is found in section 1012 of The General Poor Relief Act, supra, which provides as follows:

"The husband, wife, children, father, mother, grandparents, and grandchildren respectively of every poor person shall at their own charge, being of sufficient ability,

relieve and maintain such poor person at such rate as the court of quarter sessions of the county where such poor person resides shall order and direct."

The question for our determination is: Can the maternal grandmother of a dependent bastard child be held liable for the support of that bastard child, where the mother of the bastard child is a minor and is not able to support the child?

The Act of June 7, 1917, P. L. 429, sec. 15(a), 20 PS §92, provides as follows:

"The mother of an illegitimate child, her heirs and next of kin, the maternal grandfather and grandmother of said illegitimate child, and said illegitimate child, its heirs and next of kin, shall have capacity to take or inherit from each other personal estate as next of kin, and real estate as heirs, under the foregoing provisions of this act, in the same manner and to the same extent as if said child or children had been born in lawful wedlock."

Under this act the bastard child of Jessie Beatrice Hunt could inherit from its maternal grandmother, Mrs. McAllister, and Mrs. McAllister could inherit from the said bastard child. This act makes the maternal grandmother of a bastard child legal kin, and the Act of 1925, supra, makes a grandparent liable for support.

Further, in disposing of this matter it is to be borne in mind that the petition for an order of support avers that the placing of the child in a boarding home was done "with the consent of the above-named defendant [i. e., Mrs. McAllister] and Jessie Beatrice Hunt." This averment as to consent has not been denied in the demurrer or in the testimony, although Mrs. McAllister on two occasions has testified at length.

In the Matter of Freed Stees, Minor, Appeal of Marie Schofield, 93 Pa. Superior Ct. 232, the Superior Court of Pennsylvania sustained the action of the Municipal Court of Philadelphia, juvenile division, in making an order upon a mother for the support of a fatherless child. In the present case the mother of the fatherless child is a

minor, for whose support the grandmother, Mrs. Mc-Allister, is liable. Public funds supply to Mrs. McAllister the sum of $168 per month, which, while paid to her for services as a project head in a W. P. A. project, are paid to her to take care of herself and those legally dependent upon her so that they may not become charges upon the community. Mrs. McAllister naturally is burdened with the support of her minor child and with any issue born to that child. Mrs. McAllister is the legal grandparent of the bastard child and is liable for its support.

Under the authority of Commonwealth v. Ehrhart, 118 Pa. Superior Ct. 293, 297, 298, an order of support cannot be made retroactive and must be made effective only from the date thereof. This cited case follows a line of established cases in this Commonwealth.

Therefore the Court of Quarter Sessions of the County of Lancaster, sitting in juvenile court, hereby orders Beulah Blanche Moore Hunt McAllister to pay to the Children's Bureau of the Community Service of the County of Lancaster the sum of $4.50 per week for the support of the minor bastard child of Jessie Beatrice Hunt, the minor daughter of the said respondent.

This order is to take effect as of August 13, 1937.